UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Corinne Marie Martelli,                      Bankruptcy Case No. 16-20983-PRW
                                                                         Chapter 7

            Debtor.
_____

In re:

    Gregory Allan Phillips and                Bankruptcy Case No. 16-20316-PRW
    Alice Jean Rennells-Phillips,                Chapter 13

            Debtors.
_____

In re:

    Thaddeus DuBoise Hagood,              Bankruptcy Case No. 16-20968-PRW
                                                                Chapter 7

            Debtor.
_____

**DECISION AND ORDER
GRANTING DEBTORS' MOTIONS TO QUASH SUBPOENAS AND
DENYING U.S. TRUSTEE'S MOTIONS TO EXTEND TIME
TO CONDUCT RULE 2004 EXAMINATIONS OF DEBTORS
AND TO OBTAIN DISCOVERY UNDER RULE 2004**

PAUL R. WARREN, United States Bankruptcy Judge

    The debtors in each of these bankruptcy cases have moved to quash subpoenas issued by the United States Trustee ("UST").[1] (Case No. 16-20983, ECF No. 61; Case No. 16-20316, ECF No.

---

[1] Because the motions of the debtors and the cross-motions of the UST involve nearly identical operative facts, the Court will issue a single decision. The decision will be entered on the docket in each individual case. The caption used in this decision is strictly for the convenience of the Court. The cases are not being consolidated.

118; Case No. 16-20968, ECF No. 47). The UST, of course, opposes the debtors' motions. (*See* Case No. 16-20983, ECF Nos. 67, 70; Case No. 16-20316, ECF No. 129; Case No. 16-20968, ECF No. 55). And, the UST also moved to extend the time to conduct examinations of each debtor under Rule 2004 FRBP and to obtain discovery under that Rule.[2] (Case No. 16-20983, ECF No. 68; Case No. 16-20316, ECF No. 130; Case No. 16-20968, ECF No. 56). The debtors' motions and the UST's cross-motions were scheduled by the parties to be heard one month apart. The Court issued a Decision and Order, under Rule 1001 FRBP, directing that the competing motions and cross-motions be heard together. (Case No. 16-20983, ECF No. 74; Case No. 16-20316, ECF No. 141; Case No. 16-20968, ECF No. 62). The Court held that hearing on July 20, 2017.

After considering the arguments of the debtors and the UST, and given the underlying motivation for the UST's request to have discovery of these debtors, the motions to quash the UST's subpoenas are **GRANTED**. The motions of the UST seeking an extension of time to examine each debtor under Rule 2004 FRBP are **DENIED**. Requests for discovery of these debtors by the UST, in these bankruptcy cases, must be conducted under Rules 26–37 FRCP and Rules 7026–7037 FRBP (as applicable).

## I.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

---

[2] The UST's motions seeking an extension of time are referred to as "cross-motions" for the sake of clarity.

## II.

## ISSUES

The procedural questions to be answered are (fairly) straightforward. First, should the UST's subpoenas be quashed? Second, should the UST be granted an extension of time to conduct "discovery" of each debtor, under Rule 2004 FRBP? The answer to the first question is yes. The answer to the second is no.

## III.

## FACTS

These bankruptcy cases are not related, but they happen to share common operative facts for purposes of the motions and cross-motions at issue. And the stories about these debtors' bankruptcy cases are but yarns that the UST wishes to spin as part of the telling of a much larger story. That larger story is about the business model and practices of UpRight Law, LLC (and several related entities) and its local partner, Jason Racki, Esq.—now at the heart of an adversary proceeding pitting the UST against UpRight Law (and its affiliates). (*See Harrington v. Racki et al.*, Case No. 17-2007) ("Adversary Proceeding"). The epic tale concerning UpRight Law and Mr. Racki are not before the Court today. Instead, the Court is asked to resolve a discovery dispute—and what could be more exciting?

In late January 2017, before the Adversary Proceeding was commenced, but seemingly in an effort to unearth information that might prove useful in prosecuting the (then) incipient Adversary Proceeding, the UST filed a motion requesting permission to conduct a deposition of these debtors

under Rule 2004 FRBP.[3] (Case No. 16-20983, ECF No. 41; Case No. 16-20316, ECF No. 85; Case No. 16-20968, ECF No. 30). The UST requested that the Court require each debtor to submit to a Rule 2004 deposition no later than May 1, 2017. The UST also requested that each debtor be compelled to produce documents one week prior to that date. The May 1st deadline was selected by the UST, not the Court. The Court granted the UST's motions, over the objections of the debtors, and entered an Order requiring the debtors to submit to a deposition "in no event later than May 1, 2017." (Case No. 16-20983, ECF No. 47; Case No. 16-20316, ECF No. 96; Case No. 16-20968, ECF No. 38). The Court denied that portion of the UST's motion requesting that the debtors be compelled to produce documents. (*See id.*). Instead, the Court directed the UST to serve a notice to produce, along with the deposition subpoenas, in keeping with Rule 2004(c) FRBP. (*See* Phillips Hr'g Tr., ECF No. 41, Ex. B at 14:12-15:6). And so, the clock—under Rule 9006(b)(1)—began ticking on the UST's time to take the debtors' Rule 2004 depositions.

On April 28, 2017, the last business day before the May 1st deadline to examine the debtors, the UST filed a complaint against UpRight Law, Mr. Racki, and several other related entities, arising out of the *Bishop* chapter 7 case. (*See Harrington v. Racki et al.*, Case No. 17-2007). So, the UST had not forgotten UpRight Law or Mr. Racki. But the May 1st deadline, for the UST to demand documents and take depositions in the *Martelli*, *Hagood*, and *Phillips* cases, slipped silently by. Then, in late May, the UST served subpoenas on the debtors seeking the production of documents. (Case No. 16-20983, ECF No. 57; Case No. 16-20316, ECF No. 111; Case No. 16-20968, ECF No. 43). The subpoenas said nothing about taking the deposition of each debtor. And, just like that, the seeds

---

[3] The UST had—months earlier—obtained permission and completed a Rule 2004 deposition of Ms. Bishop, the chapter 7 debtor in the bankruptcy case giving rise to the Adversary Proceeding.

4

Case 2-16-20316-PRW, Doc 158, Filed 07/20/17, Entered 07/20/17 14:10:53, Description: Main Document, Page 4 of 11

were sown, out of which blossomed this litigation sideshow—complete with a small mountain of pleadings and exhibits—totaling more than 500 pages.[4]

Debtors' counsel, Mr. Racki, filed a motion in the *Martelli*, *Hagood*, and *Phillips* cases, requesting that the Court quash the UST's subpoenas. (Case No. 16-20983, ECF No. 61; Case No. 16-20316, ECF No. 118; Case No. 16-20968, ECF No. 47). These motions were scheduled to be heard on June 30, 2017. Before the Court could conduct a hearing, the parties agreed to adjourn the hearing until July 13, 2017. The UST filed opposition to the motions late in the day on July 10, 2017. (Case No. 16-20983, ECF Nos. 67, 70; Case No. 16-20316, ECF No. 129; Case No. 16-20968, ECF No. 55). Minutes later, the UST also filed a motion in each case—instead of a cross-motion—requesting the Court to grant the UST an extension of time (to the end of this year) to conduct a deposition of each debtor and obtain other discovery under Rule 2004 FRBP. (Case No. 16-20983, ECF No. 68; Case No. 16-20316, ECF No. 130; Case No. 16-20968, ECF No. 56). The motions seeking an extension of time under Rule 2004 FRBP were scheduled by the UST to be heard a month after the debtors' motions to quash the subpoenas. The Court issued a Decision and Order, under Rule 1001 FRBP, directing that the competing motions be heard together. (Case No. 16-20983, ECF No. 74; Case No. 16-20316, ECF No. 141; Case No. 16-20968, ECF No. 62).

---

[4] "[T]here are books of which the backs and covers are by far the best parts." Charles Dickens, *Oliver Twist* 218 (Richard Bentley, 1839). The submissions by the parties on both sides of this discovery dispute prove Mr. Dickens correct.

# IV.

## DISCUSSION

**A.     The subpoenas issued by the UST were not issued in compliance with the Order permitting examinations of these debtors under Rule 2004 FRBP.**

As required by Rule 2004(a) FRBP, as a party in interest, the UST served and filed motions to examine each of the debtors. The motions were not made *ex parte*—they were made on motion. The debtors objected. And the Court, in the exercise of its discretion, entered Orders permitting the UST to depose the Debtors and to demand the production of documents. (Case No. 16-20983, ECF No. 47; Case No. 16-20316, ECF No. 96; Case No. 16-20968, ECF No. 38). The Orders—drafted by the UST—provided that "the debtor[s] shall appear for, and submit to, an examination by the United States Trustee pursuant to Bankruptcy Rule 2004 at a mutually agreed upon date of the parties *but in no event later than May 1, 2017*." (Case No. 16-20983, ECF No. 47; Case No. 16-20316, ECF No. 96; Case No. 16-20968, ECF No. 38) (emphasis added). The Court declined to include a decretal paragraph in the Orders "compelling" the debtors to produce documents. Instead, under Rule 2004(c), the Court granted the requested depositions and directed the UST to attach to the subpoenas a notice to produce documents under Rule 9016—so as to preserve the debtors' right to be heard on the scope of any document demand. (*See* Phillips Hr'g Tr., ECF No. 41, Ex. B at 14:12-15:6). The Orders were entered on February 16, 2017—giving the UST about 10 weeks to serve subpoenas together with notices to produce, to review documents, and to conduct each debtor's deposition.

It is beyond dispute that the UST did not serve subpoenas, with notices to produce, until May 24 and May 25, 2017. The reasons offered by the UST for missing the deadline are unremarkable. The procedural arguments advanced by the UST are unpersuasive. And the UST's suggestion that there would be no harm or burden on Ms. Martelli, Mr. Hagood, or Mr. and Mrs. Phillips—were the Court to ignore the May 1st deadline for Rule 2004 examinations to be finished—is a bit hard to

6

Case 2-16-20316-PRW, Doc 158, Filed 07/20/17, Entered 07/20/17 14:10:53, Description: Main Document , Page 6 of 11

swallow.  Ms. Martelli and Mr. Hagood have received their Chapter 7 discharges.  (Case No. 16-20983, ECF No. 37; Case No. 16-20968, ECF No. 25).  Mr. and Mrs. Phillips have received an Order confirming their Chapter 13 plan.  (Case No. 16-20316, ECF No. 146).  They deserve the chance to move on.  There is no suggestion by the UST that the sought-after Rule 2004 examinations have anything to do with concerns about the debtors' right to a discharge, or the conduct of the debtors, or administration of the debtors' estates.  *See* Rule 2004(b) FRBP.  The May 1st deadline for completing Rule 2004 examinations mattered.  It was offered by the UST, and imposed by the Court, to minimize the burden (and likely anxiety) that might be worked upon the debtors.

Because the UST failed to issue deposition subpoenas, with notices to produce, and to complete examinations of the debtors under Rule 2004 within the time specified in the Order, the subpoenas were invalid when issued.  The Court, in the exercise of its discretion, finds that the subpoenas must be set aside, under 11 U.S.C. § 105(a) and Rule 9016(b).  The debtors' motions to quash the subpoenas are **GRANTED**.

**B.      An extension of time to conduct Rule 2004 examinations of the debtors is not warranted.**

Rule 2004 is a discovery tool unique to bankruptcy practice.  It is a "'pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt.'"  *In re Spoto*, No. 14-21357, 2015 Bankr. LEXIS 1711, at *5 (Bankr. W.D.N.Y. May 21, 2015) (quoting *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)).  No such creature exists under the Federal Rules of Civil Procedure.  Without apologies, bankruptcy courts—including this Court—have described discovery under Rule 2004 as a "fishing expedition."  *See Spoto*, 2015 Bankr. LEXIS 1711, at *5 (citing *In re Roman Catholic Church of the Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D.N.M. 2014); *In re Enron Corp.*, 281 B.R. 836, 839 (Bankr. S.D.N.Y. 2002); *In re Coffee Cupboard, Inc.*, 128 B.R. 509,

514 (Bankr. E.D.N.Y. 1991)). But a fishing expedition under Rule 2004 is not a license without restrictions. Every fisherman knows that there are catch limits and other constraints on fishing expeditions. So too with Rule 2004.

First, an examination under Rule 2004 must be requested by a party in interest in the form of a motion—and *may* be ordered by the Court (in the exercise of its discretion). Rule 2004(a) FRBP. Second, if granted, the scope of an examination under Rule 2004 "may relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Rule 2004(b) FRBP (emphasis added). The phrase, "*any matter which may affect the administration of the debtor's estate*," is not viewed by this Court as a loophole through which an interested party—here, the UST—can wiggle to avoid the catch limits of Rule 2004(b). "Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate." *Administration*, Black's Law Dictionary (10th ed. 2014).

Tellingly, in pleadings filed in the Adversary Proceeding arising out of the *Bishop* case, the UST reveals that the depositions of the debtors in the *Martelli*, *Hagood*, and *Phillips* cases have nothing to do with the administration of their estates, or acts or conduct *of the debtors*.[5] In response to a motion to dismiss the UST's Complaint against Racki, UpRight Law, and its affiliates,[6] the UST candidly states: "The [UST] also has alleged that *there are other UpRight cases in which Mr. Racki and UpRight have engaged in the same misconduct*. Given the pattern and practice established in this case alone, the Court should . . . permit the [UST] to develop additional evidence in connection with

---

[5] The Court is permitted to take judicial notice of its own docket. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

[6] A hearing on the motion is scheduled for August 25, 2017.

the other UpRight Cases previously identified to the Court [citing the *Martelli*, *Hagood*, and *Phillips* cases] in his Motion to Reopen and Request for 2004 exam with Production of documents." (*Harrington v. Racki et al.*, Case No. 17-2007, ECF No. 14 at 10-11) (citation omitted) (emphasis added). The UST's statement makes clear that the real purpose of the sought-after Rule 2004 examinations of Ms. Martelli, Mr. Hagood, and Mr. and Mrs. Phillips is to develop evidence of misconduct by UpRight Law and Mr. Racki—to be used in prosecuting the pending Adversary Proceeding. The UST acknowledges that the requested examinations of these debtors has nothing to do with the *acts or conduct of the debtors*, or matters affecting administration of the debtors' estates, or the debtors' right to a discharge. *See* Rule 2004(b) FRBP. The scope of the examinations requested by the UST is beyond that permitted by Rule 2004(b).

The existence of the UST's intervening action against UpRight Law and Mr. Racki is an additional event that serves to limit the UST's ability to use Rule 2004 to examine the debtors in connection with that Adversary Proceeding. That limitation results from application of the "pending proceeding" doctrine. "The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to [Rule 7026 FRBP] *et seq.*, rather than by a [Rule 2004 FRBP] examination." *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). But, "'even after the trustee has commenced an adversary proceeding(s), the trustee may conduct Rule 2004 examinations of entities which are not parties to or are not affected by the pending adversary proceeding(s).'" *Id.* at 29 (quoting *In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994)). However, "*[d]iscovery of evidence related to the pending proceeding* must be accomplished in accord with more restrictive provisions of [the Federal Rules of Bankruptcy Procedure]. . . . Thus a trustee, like a creditor, must look to [Rule 7026 FRBP] *et seq.* after an adversary proceeding is commenced for discovery as to both entities affected by the proceeding *and issues addressed in the*

*proceeding*." *Id.* (emphasis added); *see also In re Wash. Mut., Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009) (holding that, in applying the "pending proceeding rule," the relevant inquiry is whether the Rule 2004 examination will lead to discovery of evidence related to the pending adversary proceeding); *In re Szadkowski*, 198 B.R. 140, 142 (Bankr. D. Md. 1996) (holding that "once an adversary proceeding . . . has been commenced, *the discovery of matters related to that adversary proceeding* must proceed in accordance with the discovery provisions of the Federal Rules of Civil Procedure" (emphasis added)).

Here, the UST admits that the requested Rule 2004 examinations are sought to develop additional evidence in connection with the proceeding against UpRight Law and Mr. Racki. The goal of the requested discovery is to unearth evidence of misconduct by UpRight Law and Racki, not misconduct by the debtors. The Court has no doubt that the sought-after Rule 2004 examinations of these debtors is an effort to discover evidence "related to" the pending Adversary Proceeding. Rule 2004(a) vests the Court with discretion in determining whether to permit a Rule 2004(b) examination. Here, the scope of the requested examinations is beyond that permitted by Rule 2004(b). Additionally, the intervening Adversary Proceeding commenced by the UST implicates the "pending proceeding" doctrine. The Court will not permit the UST to avoid the safeguards and protections established by the Federal Rules of Civil Procedure for seeking discovery from these debtors. The motions of the UST for an extension of time to examine the debtors and to obtain discovery under Rule 2004 FRBP are, in the exercise of the Court's discretion, **DENIED**. Any discovery of these debtors by the UST, in these bankruptcy cases, must be conducted in accordance with the Federal Rules of Civil Procedure.

# V.

## CONCLUSION

The debtors' motions to quash the UST's subpoenas are **GRANTED**. The motions of the UST seeking an extension of time to examine each debtor under Rule 2004 FRBP are **DENIED**. Requests for discovery of these debtors by the UST, in these bankruptcy cases, must be conducted under Rules 26–37 FRCP and Rules 7026–7037 FRBP (as applicable).

The Clerk of Court is directed to close the *Martelli* and *Hagood* chapter 7 cases upon entry of this Decision and Order, as those chapter 7 cases have been fully administered. The *Phillips* chapter 13 case will continue forward under 11 U.S.C. § 1301, *et. seq.*

**IT IS SO ORDERED.**


DATED: July 20, 2017 _____/s/_____
      Rochester, New York        HON. PAUL R. WARREN
                                        United States Bankruptcy Judge